UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SHAWN MCSWAIN,<br><br>Plaintiff,<br><br>v.<br><br>FLORECK, *et al.*,<br><br>Defendants. | Case No. 21-cv-13015<br>Honorable David M. Lawson<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE FOR FAILURE TO PROSECUTE AND DENYING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AS MOOT (ECF NOS. 16, 31)**

### I.    Introduction

Plaintiff Shawn McSwain, a prisoner proceeding pro se, sues Defendants Alinda Floreck, William Poland, and Derek Wright under 42 U.S.C. § 1983, alleging that defendants violated his rights under the Eighth Amendment and the Americans with Disabilities Act.  ECF No. 1.  The Honorable David M. Lawson referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 6; ECF No. 13.

Floreck and Poland moved for summary judgment in March 2022. ECF No. 16.  McSwain did not respond, and the Court issued an order to

show cause why his claims against Floreck and Poland should not be dismissed for the reasons described in the motion or for failure to prosecute. ECF No. 17. The Court later recognized that the motion was improperly served. ECF No. 23. Floreck and Poland served the motion by postal mail to Macomb Correctional Facility (MRF), but McSwain had twice indicated that he was housed at the G. Robert Cotton Correctional Facility (JCF). ECF No. 1, PageID.2; ECF No. 16, PageID.77; ECF No. 10.

Thus, the Court ordered Floreck and Poland to re-serve the motion at JCF and directed McSwain to respond within 21 days after the certificate of service was filed. ECF No. 23. Floreck and Poland certified on June 2, 2022, that they served the motion at JCF but correctly noted that the Michigan Department of Corrections Offender Tracking Information System (OTIS) showed that McSwain was housed at MRF.[1] ECF No. 25. McSwain did not respond to the motion. The Court again ordered McSwain to show cause why his claims against Floreck and Poland should not be dismissed, warning that failure to respond "may result in a recommendation to dismiss the case." ECF No. 28. McSwain still did not respond.

---

[1] *See* OTIS, Shawn Diarra McSwain, *available at* https://perma.cc/5XVD-T74N (last viewed September 19, 2022).

In August 2022, Wright moved for summary judgment and served the motion at MRF.[2]  ECF No. 31, PageID.143.  The Court ordered McSwain to respond by August 24, 2022.  ECF No. 32.  He did not respond to that motion.

The record shows a discrepancy between the address McSwain provided the Court and the address reflected on OTIS.  But McSwain did not notify the Court of his change of address.  Shortly after McSwain filed his complaint, the Court informed him of his obligation under Local Rule 11.2 to notify the Court of an address change and warned that failure to do so could result in the dismissal of his case.  ECF No. 8.  McSwain has failed to comply with Rule 11.2 and has not responded to orders and filings served at either MRF or JCF.

The Court thus **RECOMMENDS** that McSwain's complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute and that defendants' motions for summary judgment be **DENIED** as moot.  ECF No. 16; ECF No. 31.

---

[2] Although OTIS shows that McSwain is housed at MRF, Wright should have served the motion at JCF, McSwain's address of record.  Local Rule 11.2 requires pro se parties to promptly inform the Court of address changes.  E.D. Mich. LR 11.2.  While another party may notify the Court of address discrepancies, nothing in the rules permits that party to unilaterally change the address of record.

3

## II. Analysis

### A.

If a plaintiff fails to prosecute an action, it can be dismissed either under the Court's inherent power to control its docket or involuntarily under Federal Rule of Civil Procedure 41(b). *Link v. Wabash R. Co.*, 370 U.S. 626, 629-32 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."). The authority to dismiss a plaintiff's case for failure to prosecute is available to the district court "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)). And this Court's local rules provide that when "the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or an application of a party, enter an order dismissing…the case unless good cause is shown." E.D. Mich. LR 41.2. Dismissal for want of prosecution is ordinarily with prejudice. Rule 41(b); *Link*, 370 U.S. at 629.

The Sixth Circuit has set forth four factors to be used as guidance when deciding whether a case should be dismissed for failure to prosecute

4

under Rule 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Knoll*, 176 F.3d at 363.  Although McSwain is proceeding pro se, and thus is held to less stringent standards, the leniency granted is not boundless. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).  "[P]ro se litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines." *Bunting v. Hansen*, No. 05-10116-BC, 2007 WL 1582236, at *2 (E.D. Mich. May 31, 2007) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).

Analysis of the *Knoll* factors supports dismissal.  For the first factor, McSwain is at fault because he failed to respond to the dispositive motions and court orders.  Floreck and Poland's motion was served at both MRF and JCF.  Though Wright's motion was served only at MRF, the Court's order directing McSwain to respond was sent to JCF.  Neither that order nor the Court's show cause orders were returned as undeliverable, permitting a reasonable inference that McSwain received them and was on notice of the motions.  Thus, McSwain's failure to respond was either was

5

done in bad faith or it is "certainly willful and with fault." *See Morley v. Comm'r of Soc. Sec.*, No. 12-14653, 2013 WL 2051326, *1 (E.D. Mich. May 14, 2013). McSwain also failed to provide the Court with an updated address, showing willfulness or fault on his part. After invoking the processes of this Court, McSwain had affirmative duties to apprise the Court of his mailing address. *See Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012).

Although there is no evidence that defendants were prejudiced by McSwain's inaction, the third and fourth factors weigh heavily in favor of dismissal. As to the third factor, McSwain was warned that his failure to notify the Court of a change of address could result in dismissal of his action. ECF No. 8. And there is no less drastic sanction available because McSwain has failed to respond to filings as ordered, even after being warned that his failure to respond could lead to the dismissal of his complaint. "[D]ismissal is the only appropriate remedy because [McSwain] has effectively abandoned the case." *Gomez v. Deangelo*, No. 18-14080, 2020 WL 7038612, at *2 (E.D. Mich. Apr. 2, 2020), *adopted*, 2020 WL 7024862 (E.D. Mich. Nov. 30, 2020) (internal quotation marks omitted).

### III.  Conclusion

The Court **RECOMMENDS** that this action be **DISMISSED WITH PREJUDICE** and that defendants' motions for summary judgment be **DENIED** as moot (ECF Nos. 16, 31).

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: September 28, 2022

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and

recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 28, 2022.

s/Marlena Williams<br>
MARLENA WILLIAMS<br>
Case Manager